IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| CHRISTOPHER INOUE, | ) | CR. NO. 95-01078 DAE |
|---|---|---|
| | ) | CV. NO. 11-00376 DAE-BMK |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

ORDER: (1) DENYING MOTION FOR RELIEF FROM A JUDGMENT OR ORDER 60(b) AND (2) DENYING A CERTIFICATE OF APPEALABILITY

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing. After reviewing the Petitioner's motion and the supporting memoranda, the Court **DENIES** Petitioner's Motion for Relief from a Judgment or Order 60(b). (Doc. # 65.) Further, because Petitioner has not made a substantial showing of the denial of a constitutional right, the Court also **DENIES** Petitioner a Certificate of Appealability

BACKGROUND

On November 9, 1995, Petitioner Christopher Inoue ("Inoue" or "Petitioner") was charged in a seven-count Indictment. (Doc. # 1.) Counts One and Two of the Indictment charged Petitioner with bank robbery, in violation of 18 U.S.C. § 2113(a). (Id.) Count Three charged Petitioner with being a felon in

possession of a firearm, a 30/30 Winchester, Model 94 rifle, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  (Id.)  Count Four charged that Petitioner knowingly possessed a Winchester rifle whose serial number and other identification was obliterated and removed, in violation of 26 U.S.C. § 5861(h).  (Id.)  Count Five charged him with being a felon in possession of ammunition, described as five rounds of 30/30 caliber Winchester ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  (Id.)  Count Six charged Petitioner with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  (Id.)  Count Seven charged Petitioner with being a felon knowingly possessing ammunition, described as five rounds of Sears target-load, twelve gauge shotgun shells, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  (Id.)

On August 12, 1996, Petitioner pled guilty pursuant to a Plea Agreement to Counts Two and Six of the Indictment.  (Doc. # 47.)  Petitioner appeared before the Court on December 2, 1996 for sentencing.  (Doc. # 51.)  The Court sentenced Petitioner to fifteen years as to each of Counts Two and Six to run concurrently.  (Id.)  Petitioner was also sentenced to three years of supervised release as to Count Two and five years of supervised release as to Count Six, to run concurrently.  (Id.)  To date, Inoue has not filed a direct appeal or motion pursuant to 28 U.S.C. § 2255.

On June 15, 2011 Petitioner filed the instant Motion for Relief from a Judgment or Order, Federal Rules of Civil Procedure 60(b) ("Motion"). ("Mot.," Doc. # 65.) Inoue seeks relief from "the judgment entered in this case on; [sic] December 2nd 1996" pursuant to Federal Rules of Civil Procedure ("Rule") 60(b)(4),(5), and (6). (Mot. at 1.) The judgment of which Inoue complains is his criminal sentencing. (Doc. # 51.)

On June 21, 2011, the Court issued an Order to Show Cause Why Petitioner's Motion should not be Treated as a Habeas Petition ("June Order"). ("OSC," Doc. # 66.) In that Order, the Court advised Petitioner of the following:

- The Court's recharacterization will construe the instant Motion as a first Motion to Vacate, Set Aside, or Correct Inoue's sentence pursuant to 28 U.S.C. § 2255.
- If this Motion is construed as a § 2255 Motion, it may be time-barred by the statute of limitations.
- If this Motion is construed as a § 2255 Motion and is denied, any future § 2255 Motion filed by Inoue will be subject to the restrictions on "second or successive" § 2255 motions.
- If this Motion is construed as a § 2255 Motion and is denied, any future § 2255 Motion filed by Inoue may also be time-barred by the statute of limitations.

(Id. at 2–3.) The Court provided Inoue forty-five days to demonstrate why his motion should not be treated as a Habeas Petition. On July 19, 2011, Inoue filed an "Objection and Response to Court Order." (Doc. # 67.) On July 22, 2011,

Inoue filed an "Amended Objection and Response to Court Order" ("Objection").

("Obj.," Doc. # 68.)

## STANDARD OF REVIEW

The Court's review of a petitioner's motion is provided for by statute:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255. The scope of collateral attack of a sentence under § 2255 is limited and it does not encompass all claimed errors in conviction and sentencing. United States v. Addonizio, 442 U.S. 178, 185 (1979). A one-year statute of limitations is provided for in the statute, the limitation period to run from the latest of several possible dates.[1] See 28 U.S.C. § 2255(f).

---

[1] Those dates include: (1) The date on which the judgment of conviction becomes final; (2) The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed; (3) The date on which the right asserted was initially recognized by the Supreme Court, provided its made retroactively applicable to cases in collateral review; or (4) The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).

Under § 2255, the court shall hold an evidentiary hearing on a petitioner's motion "unless the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). The standard for holding an evidentiary hearing is whether the petitioner has made specific factual allegations that, if true, state a claim on which relief could be granted. United States v. Schaflander, 743 F.2d 714, 717 (9th Cir. 1984).

An evidentiary hearing is not required if the petitioner's allegations, "when viewed against the record, do not state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal." United States v. Leonti, 326 F.3d 1111, 1116 (9th Cir. 2003). Mere conclusory statements, without supporting evidence, are not sufficient to require a hearing. United States v. Johnson, 988 F.2d 941, 945 (9th Cir. 1993). Although the moving party is not required to detail his evidence, he must "make factual allegations" to establish his right to a hearing. United States v. Hearst, 638 F.2d 1190, 1194 (9th Cir. 1980). The Court has discretion to ascertain whether a claim is substantial before granting a full evidentiary hearing. Sanders v. United States, 373 U.S. 1, 18 (1963). That discretion is limited, however, when a petitioner claims that he or she instructed his or her attorney to file an appeal and the attorney failed to do so. United States v. Sandoval-Lopez, 409 F.3d 1193, 1197 (9th Cir. 2005). In such situations,

5

evidentiary hearings generally are necessary to determine whether the petitioner, in fact, made such an express instruction. See id.

## DISCUSSION

I.  Construing Petitioner's Motion as a Habeas Petition

In his Motion, Inoue argues that his counsel "failed to properly advise the Defendant as to the Armed Criminal Sentencing Enhancement and likewise the Government did not proceed lawfully in regards to [a sentencing] enhancement." (Mot. at 2.) According to Inoue, he is therefore entitled to have his sentence set aside pursuant to Rule 60(b). Although couched as a 60(b) motion, Petitioner's request is a quintessential habeas claim. See Lorensten v. Hood, 233 F.3d 950, 953 (9th Cir. 2000) ("In general, § 2255 provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention."); see also Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988) ("A section 2255 motion to the sentencing court is generally the appropriate vehicle for challenging a conviction.").

To be certain, Rule 60(b) is an appropriate method to challenge the validity of orders and judgments in civil matters, including in habeas proceedings. For instance, a Rule 60(b) motion can be used to challenge "not the substance of the federal court's resolution of a claim on the merits, but some defect in the

6

integrity of the federal habeas proceedings." Gonzalez v. Crosby, 545 U.S. 524, 532 (2005). "One example of such a defect . . . is the contention that a habeas proceeding was flawed due to the existence of a '[f]raud on the federal habeas court.'" United States v. Washington, --- F.3d ---, 2011 WL 3437037, at *5 (9th Cir. August 8, 2011) (quoting Gonzalez, 545 U.S. at 532 n.5).

Here, Petitioner's contention that his Rule 60(b) Motion should not be construed as a habeas petition fails for multiple reasons. First, the instant Motion is the first motion Petitioner has filed challenging his sentence; he is not challenging a judgment or order issued in a civil proceeding or even a habeas proceeding, but rather a judgment rendered against him in a criminal proceeding. Petitioner has provided no argument or evidence which suggests that a Federal Rule of Civil Procedure is an appropriate mechanism to vacate or set aside his criminal conviction. (See OSC at 1 n.1.) Further, Petitioner does not claim in his Motion that a fraud was perpetrated on the Court or that some procedural defect plagued the sentencing. Petitioner instead contends that his counsel was ineffective and the government acted improperly when they agreed that a sentencing enhancement applied. (Mot. at 2.) As a result, Petitioner contends that he was improperly sentenced. (Id.) This is the exact scenario which habeas proceedings are designed to address. See Gonzalez, 545 U.S. at 530–31

(describing scenarios where a motion "although labeled a Rule 60(b) motion, is in substance a . . . habeas petition and should be treated accordingly.")  Accordingly, the Court construes the instant Motion as a § 2255 Motion to Vacate, Set Aside or Correct Sentence.

II.     Untimely Habeas Petition

Having concluded that Petitioner's Motion is, in fact, a § 2255 Motion, the Court further concludes that it was not timely filed.  The Antiterrorism and Effective Death Penalty Act ("AEDPA") governs all federal habeas petitions filed after April 24, 1996.  See Lindh v. Murphy, 521 U.S. 320, 336 (1997).  AEDPA amended 28 U.S.C. § 2255 by providing a one-year limitations period for federal prisoners to file federal habeas petitions.  The relevant section of the statute states:

> A 1-year period of limitations shall apply to a motion under this section.  The limitation period shall run from the latest of --
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). This limitation period may be tolled due to "extraordinary circumstances," provided those circumstances were beyond Petitioner's control and caused the delay in filing. United States v. Battles, 362 F.3d 1195, 1197 (9th Cir. 2004); see also Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002) (stating the threshold for equitable tolling of the one-year statute of limitations applied to a § 2255 motion is great).

In the instant case, Petitioner was sentenced on December 2, 1996. (Doc. # 51.) Judgment was entered against Petitioner on December 10, 1996. (Doc. # 52.) Petitioner did not appeal or challenge his sentence. Accordingly, Petitioner had one year, until December 10, 1997, to file a § 2255 motion. Petitioner did not file the instant Motion until nearly a decade and a half later. (See Doc. # 65.) There are no allegations which suggests that he is entitled to equitable tolling. Petitioner's Motion is therefore time-barred.

Accordingly, the Court **DENIES** Petitioner's Motion for Relief from a Judgment or Order.

III. Certificate of Appealability

A Certificate of Appealability may only be issued if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner is required to show that reasonable jurists could debate whether the issues could have been resolved differently or are "adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 483 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983), superseded on other grounds by 28 U.S.C. § 2253(c)(2)); see also Mendez v. Knowles, 556 F.3d 757, 771 (9th Cir. 2009).

Here Petitioner has made no such showing. Reasonable jurists could not debate whether Petitioner's Motion was time-barred. Further, the issues raised are not "adequate to deserve encouragement to proceed further." Slack, 529 U.S. at 483. Accordingly Petitioner is denied a Certificate of Appealability

CONCLUSION

For these reasons, the Court **DENIES** Petitioner's Motion for Relief from a Judgment or Order 60(b). (Doc. # 65.) Further, because Petitioner has not

made a substantial showing of the denial of a constitutional right, the Court also **DENIES** Petitioner a Certificate of Appealability.

        IT IS SO ORDERED.

        DATED: Honolulu, Hawaii, August 29, 2011.

_____
David Alan Ezra
United States District Judge

United States v. Inoue, Cr. No. 95-001078 DAE; CV No. 11-00376 DAE-BMK; ORDER: (1) DENYING MOTION FOR RELIEF FROM A JUDGMENT OR ORDER 60(b) AND (2) DENYING A CERTIFICATE OF APPEALABILITY